## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE | CASE NO. |
| **STANLEY JORDAN, SR.** | **18-11653** |
| DEBTOR | SECTION "A" |
| | CHAPTER 13 |

### REASONS FOR DECISION

On January 18, 2019, hearing on the Motion for New Trial and/or to Reconsider Dismissal of the Case ("Motion") filed by Stanley Jordan, Sr. ("Debtor"), came before the Court. Following the hearing, the Court took the matter under advisement.

On June 27, 2018, Debtor filed for Chapter 13 bankruptcy relief. In 2002, Debtor was a codebtor in his wife's Chapter 7 bankruptcy. This case is Debtor's fifth Chapter 13 bankruptcy petition and the third filed in the past four (4) years. After a review of these cases, the Court concludes that Debtor is abusing the Bankruptcy Code's protections and dismissal with prejudice and an injunction against refiling is an appropriate remedy.

## I. Background:

### A. Debtor's Wife's Chapter 7 Bankruptcy

On March 12, 2002, Debtor's wife filed a Chapter 7 bankruptcy petition (Case No. 02-11673) in the United States Bankruptcy Court for the Eastern District of Louisiana ("Bankruptcy Court"). Debtor was listed as a codebtor on schedule H.[1] Her petition included property located at 6072 Warrington Drive, New Orleans, Louisiana 70122 ("Property").[2] Home Side Lending ("Home Side") held a lien on the Property[3] which secured a claim for $79,498.54.[4] On May 23, 2002, Home

---

[1] Case No. 02-11673, P-1 at 16.
[2] Case No. 02-11673, P-1 at 4.
[3] Case No. 02-11673, P-1 at 3.
[4] Case No. 02-11673, P-12 at 1.

Side filed a Motion for Relief from the Automatic Stay. In its Motion, Home Side alleged that

Debtor had not made a payment for four (4) months. The Court granted relief and Trustee

abandoned the Property.[5] The Property appears in all of Debtor's subsequent bankruptcies. On June

26, 2002, Debtor received a discharge.

### B. Second Chapter Filing

Debtor filed a Chapter 13 petition in the Bankruptcy Court on February 21, 2004 (Case No.

04-11123). By 2004, servicing of the debt had been assigned to Washington Mutual.[6] A foreclosure

on the Property was pending and Debtor was $6,500 in arrears.[7] Debtor initially failed to attend the

§ 341 meeting of creditors and on April 8, 2004, the Chapter 13 Trustee ("Trustee") filed a Motion

to Dismiss.[8] Washington Mutual also filed a Motion for Relief from the Automatic Stay in which

it alleged that Debtor was three (3) months past due on postpetition payments in addition to his

prepetition arrears.[9] By agreement with Washington Mutual, the postpetition defaults were added

to Debtor's prepetition arrears and paid through a modification to his plan.[10] Debtor ultimately

attended a rescheduled § 341 meeting and his plan was confirmed. However, payments to

Washington Mutual continued to be problematic and on October 27, 2006, Washington Mutual filed

an Affidavit of Default.[11] This time Debtor was an additional eight (8) months in arrears

postpetition.[12] As a result, the stay was lifted on November 6, 2006.[13] Since the Court granted relief

from the automatic stay, Debtor's plan was completed shortly thereafter because all debt due to

---

[5] Case No. 02-11673, P-8, 12, 15.
[6] Case No. 04-11123, P-1 at 4.
[7] Case No. 04-11123, P-2 at 2.
[8] Case No. 04-11123, P-8.
[9] Case No. 04-11123, P-24 at 3.
[10] Case No. 04-11123, P-24, 28, 37, 39.
[11] Case No. 04-11123, P-66.
[12] *Id.*
[13] Case No. 04-11123, P-70.

Washington Mutual was removed from the plan.[14] Accordingly, Debtor's discharge did not include the past due amounts owed to Washington Mutual. Trustee's final report reflects that less than $2000.00 was paid to Washington Mutual on arrears of approximately $10,760.44.

### C. Third Chapter Filing

On November 17, 2007, roughly one month after the conclusion of his prior case, Debtor filed for bankruptcy relief under Chapter 13 (Case No. 07-12268).[15] Given that the automatic stay had been lifted in Case No. 04-11123 and all other debts had been discharged, it may be presumed that this filing was to interrupt the foreclosure by Washington Mutual yet again. In fact, Washington Mutual remained a secured creditor in the case with an outstanding debt of $100,000.[16] Debtor's Statement of Financial Affairs also confirms that the foreclosure against the Property remained active.[17] Debtor's confirmed plan proposed to pay $22,000 in prepetition arrears to Washington Mutual.[18] This case was ultimately closed without discharge after Debtor paid $3,148.47 in legal and trustee fees, and $1,370.96 in unsecured claims but nothing on his secured debt.[19]

### D. Fourth Chapter Filing

On May 4, 2015, Debtor filed his third Chapter 13 bankruptcy petition (Case No. 15-11099).[20] The case was filed *pro se.* It is unclear if Debtor filed to avoid foreclosure on the Property because Debtor failed to file schedules of assets and liabilities, a statement of financial affairs, a chapter 13 statement of current monthly income, the means test, certification of tax filings, a plan,

---

[14] When the stay is lifted, the order directs that all payments to the secured claimant cease as it has elected to pursue collection by foreclosure on its collateral.

[15] Case No. 07-12268.

[16] Case No. 07-12268, P-1 at 14. In 2002, Debtor's balance was approximately $75,000. By 2007 it had increased to $100,000 or 33%.

[17] Case No. 07-12268, P-1.

[18] Case No. 07-12268, P-2 at 1.

[19] Case No. 07-12268, P-19. Because Washington Mutual did not file a proof of claim, no distributions were made to it by the trustee. Therefore, after paying off all other debt, the case was closed.

[20] Case No. 15-11099, P-1.

and other required documentation. On June 1, 2015 the case was dismissed for failure to comply with filing requirements.[21] No payments were made in the case, no plan was filed or confirmed and Debtor did not attend a § 341(a) meeting of creditors.

### E. Fifth Chapter Filing

On June 27, 2016, Debtor filed his fourth Chapter 13 bankruptcy petition (Case No. 16-11499).[22] Again, the case was filed *pro se* and Debtor failed to file schedules of assets and liabilities, a statement of financial affairs, a chapter 13 statement of current monthly income, the means test, certification of tax filings, other required documentation, a plan, or a certificate of credit counseling. When the Court had not received the required filings by July 15, 2016, it issued an Order to Appear and Show Cause[23] for failure to file credit counseling certificate, schedules, plan, and other required documents.[24] On August 15, 2016 Trustee filed a Motion to Dismiss the Case for Failure to Attend 341 Meeting, Failure to File Chapter 13 Plan, and Failure to Make Plan Payments.[25] On that same day, the Court held the show cause hearing and Debtor did not appear. As a result, the Court dismissed the case with prejudice and barred Debtor from filing another bankruptcy petition, under any chapter, for a period of one (1) year.[26]

### F. Sixth Chapter Filing

On June 27, 2018, Debtor filed this Chapter 13 bankruptcy case *pro se*.[27] Once again, Debtor did not file schedules of assets and liabilities, a statement of financial affairs, a chapter 13 statement of current monthly income, the means test, certification of tax filings, other required documentation,

---

[21] Case No. 15-11099, P-14.
[22] Case No. 16-11499, P-1.
[23] Case No. 16-11499, P-16.
[24] Case No. 16-11499, P-16.
[25] Case No. 16-11499, P-22.
[26] Case No. 16-11499, P-24.
[27] Case No. 18-11653.

a plan, or a certificate of credit counseling. On June 28, 2018, the Court filed a Notice of Credit Counseling Certificate Deficiency ("Deficiency Notice"), explaining that the case filing was deficient because sections 521(b) and 109(h)(1) of the Code requiring Debtor partake in a credit counseling program, had not been satisfied.[28] The Deficiency Notice allowed Debtor fourteen days to remedy the deficiency, or the Court could dismiss the case without further notice or hearing.[29]

On June 28, 2018, the Court issued an Order to Appear to "show cause as to why th[e] case should not be dismissed with prejudice for abuse."[30] On July 17, 2018, the Debtor appeared *pro se* and requested a continuance to retain counsel. The Court continued the matter to July 31, 2018 to give Debtor the opportunity to retain counsel.[31] At the hearing on July 31, 2018, Debtor again appeared without counsel and the Court again continued the matter requiring the Debtor to enroll counsel by August 3, 2018 or it would dismiss the case with prejudice.[32]

On August 1, 2018, Trustee filed a Motion to Dismiss Case for Failure to Attend 341 Meeting, Failure to File Chapter 13 Plan and Failure to Make Plan Payments.[33] On August 2, 2018, Debtor retained DaShawn Hayes ("Hayes") as counsel.[34] As a result, the Court continued the show cause hearing to August 21, 2018 to allow counsel an opportunity to file all the necessary pleadings and supporting documentation required to sustain a chapter filing.[35]

At the August 21, 2018 show cause hearing Debtor's counsel failed to appear and none of the required pleadings and supporting documents had been filed. An Order to Show Cause was

---

[28] P-8.
[29] *Id.*
[30] P-9.
[31] P-19.
[32] P-20.
[33] P-21.
[34] P-22.
[35] P-23.

issued against Hayes,[36] and the original Order to Show Cause against Debtor was continued to September 25, 2018.[37]

On September 25, 2018, a hearing on both Debtor and Hayes' Orders to Show Cause was held. The Court instructed counsel to file the necessary pleadings (schedules of assets and liabilities, statement of financial affairs, Chapter 13 Plan, and supporting documents[38]) by October 2, 2018 or if he could not, then obtain assistance of other counsel to do so. Because the case had been pending for three (3) months without schedules of assets and liabilities, a statement of financial affairs, proposed plan or 341(a) meeting of creditors, the Court expressed its dissatisfaction with Debtor and Debtor's counsel.[39] Counsel assured the Court that he would resolve the deficiencies. The Court continued the show cause hearing to October 9, 2018.[40]

On September 30, 2018, Debtor filed his schedules of assets and liabilities,[41] statement of financial affairs,[42] and his chapter 13 statement of current monthly income and calculation of commitment period for three (3) years.[43] Even so, the schedules were far from sufficient and on October 1, 2018, the Court issued an additional Notice of Deficiency regarding schedules E/F and G, requesting their correction within two (2) business days.[44] Seven (7) days later, on October 8, 2018, Debtor filed corrected schedule E/F and G.[45]

On October 9, 2018, the Court held another hearing on the Orders to Show Cause against

---

[36] P-30.

[37] P-28.

[38] Debtor was instructed to file these pleading within a week, by October 2, 2018, and that all of the pleadings needed to be perfect.

[39] Schedules of assets and liabilities, statement of financial affairs, sixty (60) days of prepetition payment advices, and a plan must be filed within fourteen (14) days of a petition for relief. 11 U.S.C. § 1307(c)(9).

[40] P-35.

[41] P-38–45.

[42] P-48.

[43] P-49.

[44] P-50.

[45] P-52–53.

Debtor and Hayes as well as Trustee's Motion to Dismiss.  The Court  agreed to withdraw the

Orders to Show Cause and deny Trustee's Motion if Debtor filed a Chapter 13 plan and certificate

of credit counseling by October 12, 2018.[46]

On October 10, 2018, Debtor submitted the Certificate of Credit Counseling.[47] On October

12, 2018, Debtor filed his Chapter 13 Plan ("Plan"). Debtor's Plan provided for $500 payments for

60 months for a total of $30,000.[48] The Plan was filed on an unsanctioned format in violation of

Local Rule 1001-1(g)[49] and Bankruptcy Rules 9009(a) and 3015(c).[50]  In addition, the plan failed

to provide for any of the four (4) claimants that had filed proofs of claim, including J.P.Morgan

Chase f/k/a Washington Mutual ("Chase").  Chase alleges that the past due owed by Debtor is

$151,173.08 with a total claim of $205,464.99.[51]  On October 16, 2018 the Court issued a Notice of

Deficiency[52] regarding the Plan, which stated that "Chapter 13 Plans (original, amended, and

modified) must conform to the new Chapter 13 Plan form dated 12/1/2017." The Court gave Debtor

two business days to submit the corrected filing.  Debtor failed to submit a corrected filing, and on

October 31, 2018, the Court issued an Order to Appear and Show Cause against Hayes and Debtor,

for failure to correct a notice of deficiency ("Second Show Cause Order").[53]

On November 13, 2018, the Court held a  hearing on the Second Show Cause Order.  The

---

[46] P-55.
[47] P-54; 11 U.S.C. § 109(h)(1).
[48] P-56.
[49] Rule 1001-1(g) states: "The Court, by Standing or General Order, may adopt Local Rules Forms ("Local Forms") for stated purposes.  Local Forms must be used in their given format and with prescribed content unless deviations are separately identified by bold faced, 12-point type." Bankr.  E.D. La.  R.  1001-1(g). On the Court's website Order Number 2017-2 provides a Chapter 13 Model Plan.
[50] Amendments to bankruptcy effective December 1, 2017 require all plan in Chapter 13 be submitted on a National or District approved form.  This District adopted a form of plan on December 1, 2017 in General Order No.  2017-2.
[51] *Id.*
[52] P-58.
[53] P-62.

hearing resulted in dismissal of the case with prejudice pursuant to § 521(i)(1),[54] and barred Debtor

from refiling for relief under any chapter for five (5) years.[55]   Additionally, the Court issued an

order imposing sanctions against Hayes in the amount of $500.00 for failing to comply with Orders

of the Court.[56]

On November 26, Debtor filed the instant Motion.[57] Debtor argues the Court erred because:

no cause exists  to dismiss the Chapter 13 bankruptcy with prejudice and order sanctions; neither

Debtor nor Debtor's counsel willfully failed to abide by the court's order; and Debtor's actions and

filing were performed in good faith.[58] Alternatively,  if the Court deems the Debtor's actions were

in bad faith, then Debtor contends the involuntary dismissal of his chapter 13 case and the bar on

refiling for five (5) years constitutes "a drastic remedy to which the court should only resort to in

extreme circumstances."[59] In response, Trustee objects to the Motion because the Debtor failed to

"attend 341 meeting, make payments to Trustee, [or] file a plan that deals with $151,173.08

arrearages due to Chase Bank," even though the Show Cause hearing was continued several times

to allow the Debtor additional time to file a viable plan.[60]

On January 18, 2019, a hearing on the Motion came before the Court, and the Court took the

matter under advisement to address (1) whether this case warrants a new trial and (2) whether the

Court has the power to bar the Debtor from refiling for any bankruptcy for five (5) years or if this

sanction constitutes a drastic remedy and thus court error.

---

[54] 11 U.S.C. § 521(i)(1) states: "Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual
debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within
45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after
the date the filing of the petition."
[55] P-67.
[56] P-66.
[57] P-70.
[58] *Id.* at ¶ 3.
[59] *Id.* at ¶ 6.
[60] P-72.

## II. Legal Analysis:

### A. Motion For New Trial

Motions for reconsideration filed no later than fourteen days after entry of judgment are treated as motions for new trial or motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 59, made applicable in bankruptcy court by Federal Rule of Bankruptcy Procedure ("FRBP") 9023.[61] FRCP 59 provides that a court may grant a new trial "for any reason for which a rehearing has [] been granted in a suit in equity in federal court." A court may:

> [O]pen the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.[62]

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[63] Hence, reconsideration of a judgment is permitted only in very limited situations.[64]

The Court must balance two interests, "1) the need to bring litigation to an end; and 2) the need to render just decisions based on all the facts."[65] Thus, for a motion to alter or amend judgment to prevail, it must:

> [C]learly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise argument which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory. A [] court abuses its discretion if it 'bases its decision on an erroneous view of the law or a clearly erroneous assessment of the evidence.'[66]

---

[61] *See In re Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988).

[62] Fed. R. Civ. P. 59(a).

[63] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

[64] *Id.*

[65] *Id.*

[66] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005)); *Swanson v. Perez*, 250 Fed. Appx. 596, 598 (5th Cir. 2007); *Reyes v. Julia Place Condo. Homeowners Assoc., Inc.*, 2016 WL 3902606, at *3 (E.D. La. July 19, 2016).

Therefore, the movant must clearly prove at least one of these three factors: "(1) [A]n intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact."[67] A manifest error is "evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence."[68] A manifest error "'is plain and indisputable, and [] amounts to a complete disregard of the controlling law.'"[69] According to the Fifth Circuit, the standard applied under Rule 59(e) "favor[s] denial of motions to alter or amend a judgment."[70] Thus, Debtor has a very high bar to overcome to have his case reconsidered.

Debtor asserts that the Court dismissed his case and barred refiling without authority. Specifically, Debtor alleges that 11 U.S.C. § 109 prohibits a court from enjoining the filing of a case for more than 180 days after dismissal. He also asserts that the Court failed to articulate grounds for dismissal. In particular, Debtor states that his actions were neither willful nor made in bad faith.

---

[67] *Reyes*, 2016 WL 3902606, at *3 (citing *Schiller v. Physicians Res. Grp. Inc.*, 341 F.3d 563, 567 (5th Cir. 2003)).
[68] *U.S. v. Shepherd*, 2011 WL 2173803, at *1 (E.D. La. June 2, 2011) (quoting *In re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (internal quotation marks omitted)).
[69] *Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. Oct. 6, 2010) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[70] *S. Constructors Grp., Inc.*, 2 F.3d 606, 611 (5th Cir. 1993).

### B. Dismissal "for cause."

Section 349(a) provides that a dismissal will be without prejudice unless the court, *for cause*

orders otherwise. Section 349(a) states:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of subsequent petition under this title, except as provided in section 109(g)[71] of this title.[72]

11 U.S.C. § 1307(a), authorizes a bankruptcy court to dismiss a Chapter 13 case *for cause*. Section

1307(c) of the Bankruptcy Code provides that:

> . . . on request of a party in interest or the United States trustee[73] and after notice and

---

[71] Section 109(g) of Title 11 states:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
>> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

[72] 11 U.S.C. § 349(a).

[73] Implicit in the requirement that bankruptcy petitions be filed in good faith is a grant of power to make findings on whether statutory requirements have been met. *In re Gore*, 60 B.R. 869, 870 (E.D. Mo. 1986). Many cases support this use of § 105(a). *See, e.g., Id.*; *see also In re Tennant*, 318 B.R. 860, 869 (B.A.P. 9th Cir. 2004); *Matter of Meints*, 222 B.R. 870, 871–72 (D. Neb. 1998). For example, on its own authority and on its own motion, a bankruptcy court may dismiss successive chapter 13 filing based on debtor's failure to follow procedures outlined in prior dismissal order and failure to file any pleadings demonstrating a change of circumstances since prior case was dismissed with prejudice. *Meints*, 222 B.R. at 871–72. Sua sponte power is granted under § 105(a) to enter any necessary or appropriate orders under this circumstance (Dismissal sua sponte based on a substantive review of a plan is not permissible, but here the case was dismissed because the Plan submitted did not constitute a good faith pleading and thus even reviewable.). *Id.* at 872–73. A bankruptcy court could raise the issue sua sponte of whether Chapter 13 case should be dismissed based on debtor's admitted failure to seek credit counseling prepetition. *In re Mitrano*, 409 B.R. 812, 819 (E.D. Va. 2009). Pursuant to § 105(a) a bankruptcy court was authorized to dismiss a chapter 13 debtor's case sua sponte for his failure to file his statement of financial affairs within 15 days. *Tennant*, 318 B.R. at 869. Sua sponte dismissal was necessary to enforce the court's comply order and the bankruptcy rule requiring debtor to file all documents within 15 days after commencement of his case. *Id.* Requirement of a request of a party in interest is obviated where the bankruptcy court is dismissing the Chapter 13 case based on the debtor's failure to comply with the Court's orders. *Id.* at 869–70; *In re Eilderts*, 389 B.R. 682, 684 (Bankr. N.D. Iowa 2008); *In re Fleury*, 294 B.R. 1, 5 (Bankr. D. Mass. 2003). Bankruptcy Court could exercise its authority to dismiss a chapter 13 case based on debtor's bad faith filing on the eve of foreclosure though dismissal was not sought by creditor. *In re Falotico*, 231 B.R. 35, 42 (Bankr. D.N.J. 1999). Bankruptcy court could sua sponte invoke statute allowing for conversion of case to chapter 7 for cause. *Elliot v. Sutton (In re Elliot)*, 506 F. App'x 291, 293 (5th Cir. 2013); *In re Pustejovsky*, 577 B.R. 671, 676 (Bankr. W.D. Tex. 2017); *In re Roberts*, 570 B.R. 532, 540 (Bankr. S.D. Miss. 2017).

a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, *for cause,* including—

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) non payment of any fees and charges required under chapter 123 of title 28;
>
> (3) failure to file a plan timely under section 1321 of this title;
>
> (4) failure to commence making timely payments under section 1326 of this title; . . .
>
> (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a). . . [74]

Lack of good faith constitutes "cause" for dismissal under Chapter 13.[75]   Good faith is the policing mechanism to assure that those who invoke the reorganization provisions of Chapter 13 do so only to accomplish the aims and objective of bankruptcy philosophy and policy.[76] To determine good faith, courts use a totality of the circumstances test, with no single factor being conclusive.[77] Both subjective and objective factors determine if a chapter 13 petition for relief has been filed in good faith or if a proposed plan is offered in good faith.[78]  The standard for good faith applicable to repeat filers is similar to the standard of good faith required for confirmation,[79] which focuses on a debtor's intention to perform the obligations under the plan and not abuse the bankruptcy process.[80]

The Bankruptcy Code's legislative history shows that Congress intended debtors to achieve the goals of bankruptcy through one (1) case.[81] "The bankruptcy court must be concerned whether or not there was a strategy behind the subsequent filings to frustrate statutory requirements and

---

[74] 11 U.S.C. § 1307 (emphasis supplied).

[75] *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992).

[76] *In re Worthy*, 2010 WL 1994851, at *3 (Bankr. E.D. La. May 18, 2010) (citing *In re Chase*, 43 B.R. 739 (D.C. Md. 1984)).

[77] *Love*, 957 F.2d at 1355; *In re Chaffin*, 836 F.2d 215, 217 (5th Cir. 1988); *In re Marino*, 2010 WL 519772, at *3 (Bankr. S.D. Tex. Feb. 9, 2010); *In re MBM Entertainment, LLC*, 531 B.R. 363, 408 (Bankr. S.D.N.Y. May 27, 2015).

[78] *Worthy*, 2010 WL 1994851, at *3.

[79] *Id*. (citing *In re Tomasini*, 339 B.R. 773 (D. Utah 2006)).

[80] *Id*. (citing 11 U.S.C. § 1129(a)(3)).

[81] *In re Utne*, 146 Bankr. 242, 248 (Bankr. D.S.D. 1992).

abuse the bankruptcy process."[82] Thus, a determination of good faith involves weighing whether or not there has been abuse of the provisions, purpose, or spirit of chapter 13.[83] While a debtor's serial filings do not necessarily constitute bad faith, a debtor's prepetition conduct, including his conduct in prior cases, is a valid consideration in determining a debtor's good faith in filing a subsequent case and confirmation of a proposed plan.[84]

Since good faith involves the assessment of a debtor's subjective intention to comply with and complete a plan, evaluating the past is also important.[85] Specific and material misrepresentations or omissions in connection with a debtor's prior case administration are relevant to a debtor's assertion of good faith in a subsequent case, as well as, his intent to comply with the terms of his plan and the requirements of the Bankruptcy Code.[86] Other factors that indicate the Debtor's intention include: the proximity of serial filings, the debts listed, the amounts paid, and the income and expenses listed in successive cases.[87] Courts have also considered the timing of the bankruptcy petition, the debtor's motive in filing the petition, the debtor's treatment of creditors, and how the debtor's actions affect creditors.[88]

For example, in *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, the Second Circuit upheld the dismissal of a case because of the "undisputed chronology of scheduled property foreclosure sales

---

[82] *Id.* (quoting *Schuldies v. United States (In re Schuldies)*, 122 B.R. 100, 102 (D.S.D. 1990)); *Stathatos*, 163 B.R. at 88.

[83] *Id.* (citing *In re Humphrey*, 165 B.R. 508 (Bankr. M.D.Fla. 1994)).

[84] *Id.* (citing *In re Tucker*, 989 F.2d 328 (9th Cir. 1993)); *see also In re Chisum*, 847 F.2d 597, 600 (9th Cir. 1988) ("Though multiple filings are not per se illegal, *see Matter of Metz*, 820 F.2d at 1497, '[a] debtor's history of filings and dismissals is relevant in determining whether a plan has been proposed in good faith.'"); *Stathatos v. U.S. Trustee (In re Stathatos)*, 163 B.R. 83, 88 (N.D. Tex. 1993) ("Although there is no per se rule against successive bankruptcy filing, such filing may be evidence of bad faith.").

[85] *Worthy*, 2010 WL 1994851, at *3.

[86] *Id.* at *4.

[87] *Id.* (citing *In re Harlan*, 179 B.R. 133 (Bankr. W.D. Ark. 1995)).

[88] *Love*, 957 F.2d at 1357.

and bankruptcy filings."[89] The Second Circuit relied on *In re Felberman*, which stated:

> The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors.[90]

The Second Circuit found the debtors acted in bad faith, concluding that serial filings, paired with the strategic timing of those filings, greatly favors a finding of bad faith.[91]

The current case provides overwhelming support that Debtor did not act in good faith when he filed his fifth Chapter 13 bankruptcy. Like the debtors in *Casse,* there is no other way to describe the Debtor except as a serial filer.[92] This is the fifth time Debtor has filed for Chapter 13 bankruptcy relief, in addition to his codebtor status in his wife's Chapter 7 bankruptcy. Through a review of each prior case, it is clear that the Debtor used the system to evade a foreclosure originally filed in 2002, and later refiled by Chase on May 28, 2016. According to Chase's Proof of Claim, Debtor has remained in default for over seventeen years. This alone leans heavily towards finding the Debtor acted in bad faith.[93]

Debtor's conduct in previous cases confirms his disdain for the requirements of the Code. His failure to attend § 341 meetings of creditors, promptly file certificates of credit counseling and plans, make payments, and provide supporting documents for his case in a timely manner illustrate a continuing lack of commitment to rectify his financial issues. Debtor continues this familiar pattern in this case. He filed for bankruptcy without filing a credit counseling certificate. He failed to attend the first scheduled § 341 meeting of creditors. He also failed to timely file schedules, the

---

[89] 198 F.3d 327, 332–33 (2d Cir. 1999).

[90] *Id.* at 332 (quoting *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y 1995)).

[91] *Id.*

[92] *Casse*, 198 F.3d at 332.

[93] *In re Felberman*, 196 B.R. at 681 ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors.") (citations and internal quotation marks omitted).

statement of financial affairs, his six month history of payment advices, and other supporting documents. Once he did finally file his schedules, deficiencies were evident and had to be noticed for correction. His chapter 13 plan ("Plan") was filed two and a half months after employing counsel and after three (3) order to show cause hearings. Even when filed, the Plan was wholly deficient because it failed to list any debt to Chase or treatment of other class claims.[94] Debtor also failed to make any of the payments promised in that Plan.

Since Debtor has previously filed a number of Chapter 13 bankruptcy cases, he should have been aware of the basic requirements of bankruptcy filing. Despite the ultimate dismissal of each case prior to confirmation, Debtor failed to rectify his deficiencies in a following case. Instead because his series of case filings contained incomplete or missing documents, Debtor has been able to extend his time in bankruptcy while the Trustee, Court, and creditors were forced to pursue multiple motions or orders to show cause. Thus, it appears Debtor willfully and intentionally chose to disregard these requirements to postpone foreclosure on the Property. Debtor's egregious misuse and manipulation of the bankruptcy system more than adequately constitute "cause" to dismiss his Chapter 13 case.

### C. Bar from Refiling

If "cause" exists, bankruptcy courts have discretion to dismiss with prejudice and bar the filing of subsequent bankruptcies.[95] "Where there exists a multiplicity of factors which would be sufficient to meet the cause requirement of § 1307, the cumulative effect will be considered in determining whether there exists sufficient cause for a dismissal with prejudice pursuant to

---

[94] P-56.
[95] 11 U.S.C. § 349(a); *Casse*, 198 F.3d at 355; *In re Jolly*, 143 B.R. 383, 387 (E.D. Va. 1992).

§ 349(a)."[96] Additionally, when "cause" exists to dismiss a bankruptcy case, the length of time a debtor is barred from refiling is a matter committed to the bankruptcy court's discretion.[97]

Furthermore, reference to § 109(g) in § 349(a) does not limit a bar on refiling for 180 days if the dismissal is "for cause." The application of § 109(g) bars a *debtor* from refiling for 180 days, however, "[t]he bankruptcy court's discretion under § 349(a) to bar a debtor's bankruptcy filing within a set time is not limited to the 180 day period of Code § 109(g)."[98] Although the Fifth Circuit has yet to rule on the bankruptcy court's power to prohibit debtors from refiling for a period exceeding the 180-days proscribed in § 109(g), the majority of courts— including the Second Circuit, Fourth Circuit, Sixth Circuit Bankruptcy Appellate Panel, and Eighth Circuit Bankruptcy Appellate Panel— considering this issue have ruled that the bankruptcy court has the power and authority to prohibit serial filers from filing petitions beyond the scope of the 180-day period by virtue of sections 349(a) and 105(a).[99]

---

[96] *Casse*, 198 F.3d at 355 (quoting *In re Martin-Trigona*, 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1993)).

[97] 11 U.S.C. §§ 105(a), 349(a); *In re Craighead*, 377 B.R. 648, 656 (Bankr. N.D. Cal. 2007).

[98] *In re Stockwell*, 579 B.R. 367, 373 (Bankr. E.D. N.C. 2017) (quoting *In re Weaver*, 222 B.R. 521, 523 n.1 (Bankr. E.D. Va. 1998); *see also In re Robertson*, 206 B.R. 826, 830–31 (Bankr. E.D. Va. 1996); *Lerch v. Fed. Land Bank of St. Louis*, 94 B.R. 998, 1001 (N.D. Ill. 1989) ("When the court has found cause for a dismissal with prejudice, the mandate of Section 109(g) is not applicable–at least to the extent that it merely provides a *minimum* amount of time before a case may be refiled, not a maximum period of time for which the bankruptcy court may dismiss a case with prejudice when there is dismissal for cause.").

[99] *See Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 334–42 (2d Cir. 1999); *Colonial Auto Center v. Tomlin (In re Tomlin)*, 105 F.3d 933 (4th Cir. 1997); *Marshall v. McCarty (In re Marshall)*, 407 B.R. 359, 363 (8th Cir. BAP 2009) ("'Bankruptcy courts invariably derive from § 105(a) and § 349(a) of the Code . . . the power to sanction bad-faith serial filers . . . by prohibiting further bankruptcy filing for [over] 180 days.'"); *Cusano v. Klein (In re Cusano)*, 431 B.R. 726, 737 (6th Cir. BAP 2010) (explaining that "[s]ection 109(g) is not . . . a limitation on the bankruptcy court's authority to impose sanctions fashioned to prevent abuse of the bankruptcy system," and holding that debtor was barred from refiling for two years).

The Fourth Circuit, in *Tomlin,* after analyzing the plain language and statutory scheme of

§ 349, concluded:

> [T]hat § 349 was never intended to limit the bankruptcy court's ability to impose a
> permanent bar to discharge that would have res judicata effect. Rather, the language
> of § 349, as amended, seems to make clear that the court has the power to order such
> a sanction in circumstances other than those dealt with by new § 109(g).[100]

The Fourth Circuit further explained that § 109(g):

> [W]as added to the Bankruptcy Code in 1984 to address the precise abuse of the
> bankruptcy system as issue here–the filing of meritless petitions in rapid succession
> to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions
> as a means of avoiding foreclosure under a mortgage or other security interest.[101]

The Second Circuit in *Casse* followed the majority,[102] stating:

> We take this opportunity to ally ourselves with the Fourth Circuit and the great
> majority of lower courts which derive from §§ 105(a) and 349(a) of the Code a
> bankruptcy court's power, in an appropriate case, to prohibit a serial filer from filing
> petitions for periods of time exceeding 180 days. We join those courts in concluding
> that § 109(g) does not impose a temporal limitation upon those other sections. . . .
> nothing in § 109(g) . . . prescribes limits upon the bankruptcy courts' power to
> dismiss bad faith filings 'for cause' under § 349(a), or their power to protect against
> abuses of the bankruptcy process by resort to § 105(a), the Code's counterpart to the
> All Writ Statute. On the contrary: these several provisions complement each other
> in arming the bankruptcy courts with a variety of weapons for use in controlling
> serial filers, a species not likely to become endangered in the foreseeable future.

In contrast, a minority of courts have ruled that § 109(g) limits the bankruptcy court's power

to bar refiling to a maximum of 180 days.[103] In *In re Frieouf*, the Tenth Circuit held that because

§ 109(g) is the only Code section that bars a debtor from filing a new case, it also sets the outer limit

on the length of time a new case may be barred (i.e. 180 days).[104] Thus, under the bankruptcy court's

---

[100] *Tomlin*, 105 F.3d at 938 (citations and internal quotation marks omitted).
[101] *Id*. at 937.
[102] *In re Casse*, 198 F.3d 327, 337–38 (2d Cir. 1999) (listing a number of cases that illustrate this reading of the Code).
[103] *See, e.g.*, *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099 (10th Cir. 1991).
[104] *Id.* at 1103 n.4 ("The broad equitable powers that bankruptcy courts have under section 105(a) may not be exercise in a manner that is inconsistent with the other, more specific provisions of the Code. Consequently, the bankruptcy court's three-year prohibition against filing a bankruptcy case, which plainly contradicts the 180-day limitation under

§ 105 powers, dismissal with a bar from future filings is adequate when a debtor frequently files bankruptcy petitions.[105]

This Court agrees with the majority of courts to address the issue, holding that either or both sections 105(a) and 349(a) provide bankruptcy courts with the power to sanction bad faith serial filers by forbidding further bankruptcy filings for longer than 180-day periods (the time period specified by § 109(g)).[106] Bankruptcy Rule 9011 supports this reading because it mandates that sanctions be issued upon a determination that a debtor's successive filings were not made in good faith.[107]

Debtor contends that evidence of willfulness must be provided, not merely that the dismissal was for cause. In making his argument Debtor relief on *In re Bradley*, however, this case differs from *Bradley*.[108] The bankruptcy case in *Bradley* was dismissed pursuant to § 109(g), which specifically uses the words "willful failure of the debtor to abide by orders." In contrast, this case was dismissed pursuant to sections 521(i)(1), 349(a), 1307, and 105(a), none of which contain an

---

section 109(g), cannot be sustained under section 105(a)") (citations and internal quotation marks omitted).

[105] *See e.g.*, *In re Armwood*, 175 B.R. 779 (Bankr. N.D. Ga. 1994) (180 day bar on filing when Debtor's fifth chapter 13 petition was dismissed with prejudice); *In re Gros*, 173 B.R. 774 (Bankr. M.D. Fla. 1994) (holding that a Debtor's fifth bankruptcy filing in 25 months could be dismissed with prejudice with a bar from filing in the future without leave of the court); *Stathatos*, 163 B.R. at 88 (holding that § 105 gave the bankruptcy court the authority to dismiss debtor's fourth chapter 13 case with a 180 day bar on future filing); *Jolly*, 143 B.R. at 387 (dismissing with prejudice Debtor's seventh bankruptcy case with a 180 day bar on filing).

[106] *Casse*, 198 F.3d at 339–40 (Second Circuit); *Tomlin*, 105 F.3d at 938 (Fourth Circuit); *Cusano*, 431 B.R. at 737 (Sixth Circuit Bankruptcy Appellate Panel); *Marshall*, 407 B.R. at 363 (Eighth Circuit Bankruptcy Appellate Panel); *In re Joobeen*, 385 B.R. 599 (E.D. Pa. 2008), supplemented, 2008 WL 2116958 (E.D. Pa. 2008); *In re Mehlhose*, 469 B.R. 694, 711 (Bankr. E.D. Mich. 2012) (Dismissed case for Debtor's bad faith and barred refiling for two years.); *In re Carter*, 312 B.R. 356, 367–68 (Bankr. N.D. Ill. 2004) (Court admitted that it could bar refiling for more than 180 days, but held that Debtor did warrant that sanction because she had not engaged in recent serial Chapter 13 filings and she had been making her monthly payments.); *In re Jones*, 289 B.R. 436, 440–41 (Bankr. M.D. Ala. 2003).

[107] The "(b). . . petition . . . [] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; . . . (c) If, after notice and a reasonable opportunity to respond, the court determines that subdivision(b) as been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision(b) or are responsible for the violation." F.R.B.P. 9011(b)-(c).

[108] *In re Bradley*, 152 B.R. 74, 76 (E.D. La. 1993).

express requirement of willfulness like § 109(g). Regardless, a review of Debtor's past filings provides evidence to prove that Debtor's failures were intentional and willful.

## III. Conclusion:

In summary, Debtor has asserted no valid reason for this Court to reconsider its Judgment. It has offered no evidence not previously available at trial, pointed to no new law, nor has it made any attempt to clearly establish that this Court's decision constitutes either a manifest error of law or fact.  Not only does the record adequately support the dismissal "for cause," but it also portrays a blatant misuse of the bankruptcy system that cannot be tolerated.  Accordingly, a five (5) year bar from filing any bankruptcy is a fair sanction. Therefore, Debtor's Motion for New Trial and/or to Reconsider Dismissal of the Case is DENIED.

An Order in accord with these Reasons will be entered separately.

New Orleans, Louisiana, February 26, 2019.

Hon.  Elizabeth W.  Magner
U.S. Bankruptcy Judge